UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JARED BENNETT, on behalf of all similarly-situated employees of Marketing Focus, Inc.**,

   Plaintiff,

v.

**MARKETING FOCUS, INC.**,

   Defendant.

Collective Action

Case No.: _____

Honorable _____

_____/

**MILLER COHEN, P.L.C.**
Robert D. Fetter (P-68816)
Keith D. Flynn (P-74192)
Attorneys for Plaintiff
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226
(313) 964-4454
_____/

### PLAINTIFF'S COLLECTIVE ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY

   There is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence.

  NOW COMES Plaintiff, Jared Bennett, on behalf of himself and all other similarly-situated, by and through his attorneys, Miller Cohen, P.L.C. for their Collective Action Complaint against Marketing Focus, Inc., and states the following:

### INTRODUCTION

  Plaintiff, on behalf of similarly-situated plaintiffs, brings this action to recover overtime compensation. Plaintiff was treated as a salaried exempt employee when his job duties qualified him as a non-exempt employee. Due to the misclassification of Plaintiff and similarly-

situated employees, they are entitled to relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201 *et seq.*

## PARTIES

1. Plaintiff was hired by Defendant as a Manufacturing Representative around June 14, 2008. Plaintiff currently resides in St. Johns, Michigan. Plaintiff has agreed to be part of this litigation on behalf of himself and other similarly-situated employees that may opt into this litigation under the FLSA. 29 U.S.C.A. § 201 *et seq.* The potential similarly-situated Plaintiffs have been employed under the same terms and conditions as the named Plaintiff.

2. Defendant Corporation is a private corporation headquartered in Wisconsin, but it does business throughout Michigan. Defendant delivers, supplies, and constructs promotional displays at retail stores like Menards.

## VENUE

3. Defendant is subject to personal jurisdiction in Michigan because it has such minimum contacts to have purposely availed itself of the jurisdiction and the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

4. Defendant Corporation resides in Michigan for purposes of venue since there is personal jurisdiction over Defendant in Michigan. 28 U.S.C. § 1391(c). Defendant's contacts are sufficient to subject it to personal jurisdiction in the Eastern District; therefore, venue is proper in the Eastern District of Michigan because Defendant conducts business in Southeastern Michigan. 28 U.S.C. §§1391(b)(c).

## JURISDICTION

5. This Court has jurisdiction over this case under Section 16(b) of the FLSA (29 U.S.C. § 216(b)) and under the provisions of 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

6. At all times mentioned in this Complaint, the business activities of Defendant were related and were performed through unified operation and common control for a business purpose, and constituted an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

7. At all times mentioned in this Complaint, Defendant had an annual gross volume of business done of not less than $500,000, exclusive of excise taxes at the retail level, which are separately stated.

8. By reason of the foregoing, Defendant was, during all times mentioned in this Complaint, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) and (s) of the FLSA. 29 U.S.C. §§ 203(r), (s).

9. At all times mentioned in this Complaint, Defendant employed employees, including Plaintiff in and about its places of business in commerce or in handling or otherwise working on goods and materials, which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA. 29 U.S.C. §§ 203(b), (g), (i), (j).

## GENERAL ALLEGATIONS

10. Plaintiff's was employed by Defendant from June 2008 to March 2010. Plaintiff's employment with Defendant required him to engage in tasks primarily involving delivery and construction. While Plaintiff was salaried and made between $35,000 and $37,200 a year, he was primarily a blue-collar employee who delivered and built promotional displays,

was instructed on how to perform his job where to go purchase additional supplies, and told to visit each customer-store once a month.  During the period covered by the employment, Plaintiff worked between 50-60 hours a week.

11.	Defendant(s) willfully employed Plaintiff and others similarly-situated in the enterprise for many workweeks longer than 40 hours; Defendant(s) failed and refused to compensate Plaintiff and others similarly-situated for the work that they performed up to 40 hours at their minimum wage, and for hours worked in excess of 40 hours at a rate not less than one and one-half times the regular rate at which they were employed, contrary to Section 7 of the Act (29 U.S.C.A. s 207).

12.	 Plaintiff and other similarly-situated employees have no principal place of activity, but rather work solely from job site to job site; their offices are their homes.

13.	In a typical day for Plaintiff, he would begin his day loading supplies into his vehicle.  This would take over twenty minutes.

14.	Afterwards, he would drive to a store somewhere in the state of Michigan.  Plaintiff would travel to cities as distant as Bay City, Clio, Saginaw, Muskegon, Traverse City, Cadillac, and Battle Creek—an average of over two hundred miles per day round-trip.

15.	Specifically, Plaintiff's supplies included boxes of brochures, signs, and large displays.  On average, it took Plaintiff twenty minutes to load the supplies into his vehicle every morning.  In addition to the supplies, Plaintiff was required to bring tools for completing his job at the various stores that Defendant purchases for its employees.  Occasionally, this includes bringing equipment as large as circular saws for big projects.

16.	When he would arrive at the store, he unloaded the supplies and tools required by the store, cleaned and organized the displays, built additional displays, and educated store

representatives on the products being advertised based on the promotional materials made available to him. In the case of a large display, Plaintiff was required to do intense remodeling in the store including the use of heavier equipment like a circular saw or work on large pieces of equipment like water heaters. If customer-stores were concerned with Plaintiff's performance, they would report those concerns to Employer's headquarters.

17. When Plaintiff returned to his home, he had to unpack the delivered supplies so that he could repeat his long commutes the following day. Defendant was aware of this activity. Plaintiff is required by Defendant to unpack the supplies that have been delivered to avoid weather damaging the materials. The Defendant even paid for shelving for Plaintiff's garage to prevent damage. Typically, unpacking lasted a couple of hours. Even on the nights he did not receive supplies, he still has work to do for Defendant—he had to order additional supplies. Ordering additional supplies took forty-five minutes to an hour.

18. FLSA requires that employers compensate their employees at time-and-a-half for work performed over forty hours. 29 U.S.C. § 207(a)(2)(C). Only non-exempt employees are covered by this provision.

19. Plaintiff, and others similarly-situated, are non-exempt because they primarily engage in tasks involving delivery and construction. 29 C.F.R. § 541.3(a).

20. For the purposes of calculating hours, compensable time includes "periods of time between the commencement of the employee's first principal activity and completion of the last principal activity on any workday." 29 C.F.R. § 790.6(a).

21. In addition, the transport of supplies or equipment that is an integral and indispensable part of an employee's principal activities is compensable time. ***DA & S Oil Well Servicing, Inc. v. Mitchell***, 262 F.2d 552, 555 (10th Cir. 1958); 29 CFR § 790.7(d).

22. It is estimated that similarly-situated employees like Plaintiff work about fifty-eight hours per workweek considering travel time. Plaintiff has not been compensated for any of those additional hours according to time-and-a-half.

23. Each task that Plaintiff performs, in addition to being for the benefit of the employer, is known or reasonably should have been known by the employer to have been performed and is required by the employer. The Defendant employer has actual or constructive knowledge of the employee's hours worked, including overtime.

24. The same rules and procedures regarding time worked and pay practices apply to all other employees in named Plaintiff's position.

25. Other similarly-situated Plaintiffs perform tasks that are nearly identical to the named Plaintiff and have similar workdays.

COUNT I
<u>VIOLATION OF FLSA</u>

26. All previous allegations are incorporated herein by reference.

27. Plaintiffs are non-exempt employees because they are blue-collar, deliver and construct promotional displays, and do not fall within exemptions under FLSA.

28. Travel time is an integral and indispensable part of the employees' jobs and necessary to the accomplishment of the employees' principal duties to the Defendant.

29. Additionally, as a part of their regular work, Plaintiff and other similarly-situated employees begin their workday by loading supplies and equipment into their vehicles and end their workday by unpacking supplies that have been delivered to their homes. These activities are necessary to the employer's business and performed primarily for the benefit of Defendant.

30. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

31. Therefore, Defendant has violated FLSA because Plaintiffs have not been paid time-and-a-half for work performed over forty hours a week and failed to record employee time properly under 29 U.S.C. §211(c).

## REQUEST FOR RELIEF

WHEREFORE, and for the above stated reasons, Plaintiffs request that this Court grant:

a) A money judgment against the Defendant in the amounts of unpaid overtime compensation due Plaintiff(s) and other similarly-situated employees of the Defendant, additional equal amounts as liquidated damages, costs and attorney's fees, and all other damages allowed by 28 U.S.C.A. §§ 201 *et seq*;

b) A preliminary and permanent injunction pursuant to 28 U.S.C.A. § 216 as the Court finds appropriate to prohibit the defendant from further violating 28 U.S.C.A. §§ 201 *et seq*; and

c) Any further and other relief the Court deems appropriate.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/Robert D. Fetter
Robert D. Fetter (P-68816)
Attorney for Plaintiff
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226
(313) 964-4454
rfetter@millercohen.com

Dated: March 14, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JARED BENNETT, on behalf of all similarly-situated employees of Marketing Focus, Inc.**, | Collective Action |
| Plaintiff, | Case No.: _____ |
| v. | Honorable _____ |
| **MARKETING FOCUS, INC.**, | |
| Defendant. | |

_____/

**MILLER COHEN, P.L.C.**
Robert D. Fetter (P-68816)
Keith D. Flynn (P-
Attorneys for Plaintiff
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226
(313) 964-4454
_____/

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, Jared Bennett, on behalf of himself and all other similarly-situated employees of Marketing Focus, Inc., by and through his attorneys, Miller Cohen, P.L.C. and hereby demands for a trial by jury.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: /s/Robert D. Fetter
Robert D. Fetter (P-68816)
Attorney for Plaintiff
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226
(313) 964-4454
Dated: March 14, 2011        rfetter@millercohen.com